Our next case is United States v. Ramirez. Good morning. May it please the Court, Deborah Gonzalez from the Federal Public Defender's Office for the appellant Victor Manuel Ramirez. I plan to reserve three minutes if I'm good about watching my clock for rebuttal. Your Honors, a police officer does not make himself safer by asking the driver of a car stopped for a traffic offense if he's on probation or parole. The vast majority of crimes in California for which a person is placed on probation or parole are nonviolent crimes that don't demonstrate whether the person may have a propensity for violence against a police officer during a traffic offense. How would you determine that? Would you ask him if he has a propensity for violence? That is, Your Honor, basically what the courts have held in Rodriguez and Hilton. This court has held that a criminal history check is valid because it reveals prior incidents of violence. But if he recognized him here, he thought that he recognized him as a parolee, as a possible parolee. And a gang member. And he's in a gang area. And it looks like he's in the wrong area. And it's the first question he has. Why isn't Taylor answering all of this? Your Honor, just to clarify, he didn't recognize him as a member of a rival gang until further on in the questioning. At the point in time where he asked my client if he was on probation or parole, he only recognized him as someone who had been on parole two years prior. It's not, to get to the court, the second part of the court's question, it's not, this court is not bound by Taylor. And Taylor, the question that the court approved specifically was, have you ever been arrested, including for anything crazy or anything violent? And that does get to the issue of whether this person may have a propensity for violence against a police officer. If he's been on parole, that necessarily means that he has been arrested. It means he's been arrested, but not necessarily, Your Honor, for something violent. Which is what Rodriguez approved of when it cited to the Tenth Circuit Court. So what could he have asked here? He could have asked, Your Honor, are you on probation or parole for anything violent? And then we wouldn't be here. Because that would have addressed the officer safety concern. In Hilton, we said it's okay for police to ask, to do a criminal background check. Here, arguably, asking if someone's on parole, it's even more probative of violence. Because you could have a criminal record, but have never been sentenced to prison. We know that happens quite frequently. If you're on parole, it means you were sent to prison. I think that's a good proxy to say you committed something very serious or something violent. Certainly something serious, Your Honor, more serious than an offense that you would get probation for. But I disagree with the court that it would be necessarily for something violent. A police tax crime or writing false Medicaid scripts, all of those white-collar crimes that are very serious, do not indicate that the person may have a propensity for violence against a police officer. But in Hilton, we said criminal background check is fine. And that could, of course, include white-collar crimes or crimes in which no prison sentence was issued. So if that's okay there, it seems like here it just naturally flows from Hilton to here. I think, Your Honor, that the reason the court held in Hilton and relied on Rodriguez for the conclusion that a criminal history check is valid is because when a police officer looks through the criminal history check, what they're looking for are prior incidents of violence, weapons possessions, resisting arrest, things that would let a police officer know this particular person that I've stopped may have a higher propensity for violence against me. So I need to take particular steps to protect myself. But isn't a background check more intrusive than a simple question, are you on parole? In the sense, Your Honor, that... I'm sorry, go ahead. Oh, go ahead. In the sense that it can take a while to get the results, I would agree. But the question about whether something is negligibly burdensome is not necessarily about time. That concept comes from MIMS. I don't understand that. It's not necessarily about how long something takes. In MIMS, for example, the court said that it was a negligibly burdensome precaution to have a person exit the vehicle, and it was not about the time that it took for the person to exit. It was about the fact that the person was exposing more of their body to the police officer. So it's not necessarily about the time it takes, the action or the question of the police. There's been court cases that talk about the problems inherent in prolonging these traffic stops for other purposes. Yes, Your Honor. Other purposes, you know, not just to check a driver's license or registration. And the words that the court has used, both the Supreme Court and this court, have been unequivocal. In Rodriguez, it was at time. In United States v. Landeros, it was at any time. And asking this question does add time to the stop, and it does not further officer safety. Which question? Are you on probation or parole? Or even just are you on parole? And so the failure to ask for something violent, to add those three words, is a violation of the Fourth Amendment. Yes, it is, Your Honor, because simply knowing whether someone is on some sort of community supervision does not help a police officer be safe. What if it was to lead to an additional question? If Mr. Ramirez answers honestly, yes, can the officer then ask a follow-up, is it for something violent? Would that be, is that violate the Fourth Amendment? I think, I think it's a closer, it's a much closer question, Your Honor. And the reason is. Is it because of the time that it takes to ask a second question, a follow-up question, is it for something violent? The reason is, Your Honor, because asking someone in a two-step process like that is unnecessary. If the person you're seeking to get the information from is right in front of you, as opposed to a criminal history search that you're looking through, you can just ask them the full question.  The second answer is that's not what happened in this case. And Rodriguez says that you have to look at what actually happened in this case. And in this case, the police officer did not have a follow-up question. To my client's credit, he was very open and honest about what he was on parole for. He answered more than the officer asked. And the next questions, Your Honor, that the officer asked were not about safety. In this record, what the officer then continued to ask is, when was the last time you checked in? Where are you living? How often do you check in with your probation officer? What are you doing here? So the hypothetical that the court posed is not the case that's in front of the court today. I think that case would be a closer question. I still think because of the time added, it would be an unallowable question. Explain to me how suppressing this gun would further the purposes of the Fourth Amendment. Because, Your Honor, the Supreme Court has been very clear that officers cannot prolong a traffic stop in order to make unrelated inquiries. Well, I think it's because they can do a background check, which we would all agree is a common-sense matter, would take far longer than this question. So it's money, but how is suppressing this gun for the Fourth Amendment purpose? Because, Your Honor, the question that the officer asked, which led to finding the gun, unlawfully prolonged the stop. And so that's what the Fourth Amendment does. I'll give you another ten seconds. Yes, Your Honor. And that comes from Rodriguez and from Landeros as well, if it adds any time to the stop. A police officer cannot pull someone over for a traffic violation and then make unrelated inquiries that don't advance officer safety. And I think it's important to understand that. How are you doing today? Yes, Your Honor, I agree. But no one's going to say that that's, you know, to advance officer safety. I think it's important to understand that a ruling for Mr. Ramirez would not mean that an officer could never lawfully learn about a person's parole or probation status. Your suggested alternative of asking someone, you know, are you in parole for a violent crime, I mean, that could be a pretty elastic definition. You know, maybe the suspect says, you know, maybe reads nine circuit cases and says, you know what, homicide is not a crime of violence under the categorical approach. I'm just joking here. Never make such an argument. I mean, you could see someone says, well, I had a gun, but I didn't shoot anybody, so it's not a crime of violence. I mean, that seems, there's a lot of latitude there. I think in that case, Your Honor, if the police officer was not, you know, if his concerns were not asked, which is about what the person said, he could go run a criminal background history check. He could run an open warrants check. Police officers don't have to get this information directly from the driver. And so, yeah, I mean, I think it's, when you start asking a question that's so expansive, like are you on probation or parole, that really doesn't give a police officer information they can use to protect themselves. You're well outside of the boundaries of what police officers are allowed to do. That's the only question that gets asked. I mean, if I'm a cop and I ask, you know, are you on parole, are any, I mean, the chances are extremely high that the next question will be, what are you on parole for? And, Your Honor, the court, if the officer had asked that question here, I don't think I would be here appealing that issue before Your Honors, because that question gets to the heart of officer safety. I see that I'm out of time, but I'm happy to answer more questions. Do we have an extra couple of minutes? Thank you very much. Good morning, Your Honors. Michael Morse on behalf of the United States. May it please the court, I'd just like to start with a quick clarification with respect to the record. All the relevant, the relevant interaction in this case was captured on the body-worn camera, which has been submitted to this court. Within less than 30 seconds of the interaction between the officer and the defendant in this case, the, well, within three seconds, actually, the defendant is asked, are you on probation or parole? The defendant says, I am on parole. And to the court's point earlier, the officer does follow up and says, for what? The defendant then says, for a firearm. So just that point of clarification. Your Honors, the United States Supreme Court, as well as this court, has held that the checking of the criminal history of a motorist during a traffic stop is objectively reasonable under the Fourth Amendment. That's because such a precaution is a negligibly burdensome precaution that's taken in the advance of officer safety. The officer in this case asked the defendant at the very beginning of the traffic stop when, as the district court described, the dangers with respect to officer safety are at their zenith, if he was on probation or parole. And as the district court pointed out, asking someone if they are on probation or parole is highly analogous to conducting a criminal history check on that person. So the detective, excuse me, the officer asked the defendant if he was on probation or parole. Instead of turning around and going back to his vehicle after having already interacted with this motorist, the officer in this case sought to get the information essentially from the horse's mouth, which was obviously, from a temporal perspective, was a much quicker process. And the defendant did confirm that he was, in fact, on probation or parole. It would be a strange state of the law, indeed, if an officer were not allowed to ask a motorist, when he is initially contacting that motorist, questions relevant to officer safety, that is, questions relevant to the defendant's or the motorist's criminal record. The officer then had to turn around and go back to a computer and check history of a motorist, questions that they could answer could be answered very quickly by the officer themselves. That would be strange, but that's not the law in this circuit, as the court pointed out. In United States v. Taylor, which was the case that's the subject of the government's 28J letter in this case, this court approved of questions such as, have you ever been arrested, including for anything crazy or anything violent? This court called those questions, quote, basic questions, quote, ordinary inquiries, that were negligibly burdensome in advance of the interest of officer safety. Now, the government will point out that, significantly, in Taylor, the officer, in that particular case, described those questions that he was asking the motorist as his standard questions, in other words, questions that he wouldn't ask necessarily because there was some particular officer safety concern. In this case, this particular officer did have particular facts that he was aware of, which heightened the issue of officer safety. So the government's position here is, even if he didn't have the initial evidence here, that he recognized them, he had gang tattoos, that the officer could ask anybody, are you on parole? That's correct, Your Honor, because as the court was pointing out earlier, asking someone if they're on, especially parole, people are only on parole if they've been to prison. So suppose, just admittedly, kind of crazy hypothetical, but suppose a police officer sees a car, it's a traffic violation, license plate says CPA number one, comes by, sees the car, he's like a 95-pound guy, he has a sign, attended like a CPA conference, seems completely harmless. He asks, are you on parole? And he does answer, yes, maybe he worked at Enron. So he searches the car, finds drugs. So that's, even though the officer had no objective evidence of officer safety, just based on, you know, given that he's a slight guy, a CPA, that's okay. Yes, Your Honor, without any particularized facts relevant to officer safety, just because under Hilton and under Rodriguez and under Taylor, obviously officer safety stems from the mission of the traffic stop itself. So no matter how this person presents themselves as far as the officer is concerned, the officer would be able to ask questions, as was the case in Taylor, have you ever been arrested, and ask inquiries relevant to this person's criminal history, which relates to any potential officer safety concerns. At the end of the day, it appears the defendant is asking this court to micromanage the way in which officers obtain information relevant to criminal history. So if I get pulled over on Interstate 10, I'm going, you know, 79 miles an hour, whatever the 70 miles, can the officer ask me whether I'm on parole? If you had been stopped lawfully and the officer were to approach your vehicle during that traffic stop, the officer under Hilton and under Taylor and under Rodriguez could ask you questions relevant to your criminal history. Could he ask my wife whether she was on parole? Your Honor, that would be a different question, a closer question. That's a different question. That's what I'm asking. Yeah. Thank you, Your Honor. I think it's a closer question with respect to the passenger, whether or not they present dangers particular to officer safety. She's driving the car. Oh, she's driving the vehicle, then yes. Then the officer would be able to ask the driver, have you ever been arrested for anything violent, have you ever been, are you on parole currently, do you have any guns, knives in your vehicle, all of those questions really don't answer safety. Putting aside the gang insignia issue, an officer making a traffic stop can ask anyone whether they're on parole. Yes, Your Honor. And I point out that the question as to whether someone is on parole in particular, it gives the officer a certain amount of information that even have you ever been arrested would not. An officer who knows that someone is on parole knows that that person went to prison and knows that that person is currently under criminal supervision. Well, if this is true, then officers should be asking every single person they stop whether they're on parole. Your Honor, officers under Hilton, under Rodriguez, and under Taylor can ask questions relevant to a driver's criminal history, and the government believes that a question with respect to parole would be important. And when an officer knows that someone is on parole currently, that speaks to some degree of the recency of the criminal offense. For example, asking if someone has been arrested, they could have been arrested three decades ago. And while in some cases someone could be on parole for their entire lives if the crime that they committed is that serious, in most cases, in a lot of cases, it does give some information with respect to the recency of criminal activity. How would a police officer decide who to ask this question to? I think that the police officer would make their best judgment, and their judgment based on the officer's safety, based on the surrounding circumstances, decide whether or not- What factors? I don't think that there's a factor necessary, Your Honor, so I think- So it's standardless in your view? I'm sorry, your Honor? It's standardless in your view? You can just ask anyone whether you're on parole. If a motorist has been stopped for a traffic stop lawfully, Your Honor, an officer does have- is permissible to inquire as to their criminal history, and parole gets at that issue, Your Honor. So as a categorical matter, the government thinks that that's reasonable and permissible. At the end of the day, the defendant has to convince this court that asking about probation and parole is substantially, significantly different than asking other questions relevant to someone's criminal history, and they can't do that. They've offered a couple of reasons in their briefing, and some of them were expressed here. For example, the defendant has argued that the answer about whether you're on probation or parole doesn't get to what the underlying offense is. And I note that in Hilton, this court did not finely dice which criminal- what type of criminal conduct is relevant to officer safety. Quite the opposite. This court didn't get into the weeds of different types of criminal convictions. In fact, there's language in Hilton that suggests the very fact that someone is a felon at all is relevant to officer safety, without even discussing whether this person has a history of resisting arrest or weapons possession or any degree of violence. And, Your Honor, unless the court has- I see my time is running out. Unless the court has any particular questions, the government will rest on its brief. I just have a- just a peripheral question. This is just for my own edification. So when the officer goes back to his or her car and is running a criminal background check, is there a computer in the car that will access that information, or does he have to call back to the station and have somebody research it for him? I think that's going to depend on the particular agency in terms of what police agency is conducting this check. And I think in some of the case law, including in Hilton, we had examples of police officers calling dispatch and waiting for a response with respect to criminal history. And that can actually add additional time to the stop if it's gone about in that way. Thank you, Your Honor. Thank you for the additional time, Your Honor. I just wanted to be clear. I'm not trying to micromanage what police officers do. What police officers do is incredibly dangerous, and they have a right to protect their safety. But what I'm trying to do is be faithful to the Supreme Court's decision in Rodriguez and to this court's line of cases in Taylor and Hilton. And it all goes back- all of these cases trace back to Rodriguez. In Rodriguez, the court cited a Tenth Circuit en banc decision, Holt, favorably, because Holt said criminal history checks are okay because they apprise a police officer of whether someone may assault a police officer based on a prior conviction that they have that's violent. And so that's the difference here. If this officer had said, are you on probation or parole for anything violent, we wouldn't be here. But that's not what the officer said. An officer cannot ask every single motorist they pull over, are you on probation or parole, in the name of officer safety. Why not? Because it does not advance officer safety, Your Honor, because the answer- It doesn't complete it, but it's a start, isn't it? It's a start, Your Honor, but the Fourth Amendment doesn't allow start. The Fourth Amendment- And asking this in a two-part question, are you on parole, is it for something violent, violates the Fourth Amendment. I think that's a much closer call, Your Honor, because that first question does add time to the stop, but I think that would be much less objectionable because it would be clearer, and because the answer to that question, the two-part question, would give the officer information they could use to know whether they need to protect themselves. He wasn't here asking whether he was on parole. He asked him what for. He did not ask him whether it was for something violent. Okay, so it might have required a third question, or it might have gotten a satisfactory answer on the second question. Correct, Your Honor, but the Fourth Amendment, again, there's no de minimis exception in the Fourth Amendment for officer safety. During a traffic stop, under Rodriguez, inquiries or checks that are unrelated to the mission of the stop, which includes officer safety, are unlawful if they, quote, add time to the stop. So it doesn't matter, Your Honor, that it's a short question or that the question, you know, could be said in an even shorter way or that you could take more time to look it up using a criminal history check. The point is that that question does not advance officer safety, and therefore it's not allowed under the Fourth Amendment. Thank you, Your Honors. Thank you both. Thank you. The case has been submitted.
judges: Parker, BYBEE, LEE